Per Curiam.
In connection with the complaint lodged against you before the grievance committee of this court, based upon a judgment taken in a civil action against the complainant, and the later filing of a criminal case against the complainant based upon the transaction out of which the civil case arose, extensive hearings have been had. You are thoroughly familiar with the sequence of events involved, all of which are reflected in 296 pages of transcribed testimony received in evidence during the hearings. No good purpose would be served at this time in an extended analysis of these events, except to *176 comment that no threats apparently were made to the complainant, nor was the civil matter concluded, nor the debt collected by your activities, even though our committee found that you acted with a collecting purpose in mind as hereinafter appears. It is sufficient to say that the hearings committee, consisting of highly respected and distinguished members of the bar, however, has reached the unanimous conclusion that each of you has been guilty of conduct in what you did do which violated the highest standards of honesty, justice and morality.
There is ample evidence to support the conclusion of our grievance committee when it found, inter alia: “That (the attorneys respondent), individually and in concert, improperly used the office, station, weight, power and prestige of the office of the District Attorney in filing a criminal complaint against the Complainant herein and in extraditing her from the State of Nevada for the purpose of assisting their client, Rio Grande Sales Company, in collecting a civil debt allegedly due from the Complainant.”
Although there are other findings by the committee which are indirectly involved in the above quotation, which materially strengthen it, and which give character or lack of it to the entire transaction, we direct our comment to the above quoted portion of the findings of the committee.
This court has heretofore had occasion to condemn conduct of the kind complained of in the case at bar. See 90 Colo. 440, 9 P.2d 611.
We note the following comment in the report which was filed herein:
“* * * Throughout this hearing, the attitude of the Respondents was that they have done no wrong, and that they were in fact completely justified in their actions.”
In the proceedings before this court you have persisted in the position that your conduct was in all *177 respects proper. If you did not use your public office to try to collect the debt in question here, nevertheless, you put yourselves in the position of appearing to do so and thus justified the charge. We have no hesitancy whatever in asserting that wherever and whenever a district attorney, or a deputy district attorney, employs the powers of his office for the purpose for which our committee found they were used in this case, he violates the highest standards of honesty, justice and morality; he reflects discredit upon an honorable profession and helps destroy a favorable image of the lawyer in the mind of the public.
Our grievance committee and the members of this court are charged by law with the heavy responsibility of passing judgment upon the propriety of the conduct of those admitted to practice law. It is a disquieting, and often as in this case, a painful duty but we may not shirk the task.
To you, and to any others in the profession, if any there may be, who have labored under the misconception that there is nothing wrong when a district attorney acts as counsel for a litigant in a civil case, and prosecutes a criminal case based upon the facts giving rise to the civil action, we give warning: This court will not countenance or tolerate such conduct. We condemn it.
We agree with the conclusions and recommendations of our committee. You are accordingly subjected to this reprimand and cautioned that a repetition of acts similar to those complained of, or other violation of your professional duty, will meet with more drastic treatment.
The costs of this proceeding are assessed against you in the full sum of $951.26 which you will pay to the clerk of this court within sixty (60) days from this date.
Mr. Justice Day not participating.